# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2019

Lyle W. Cayce
Clerk

No. 19-10116
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CRYSTAL CHANDERLER CARR,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-183-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Crystal Chanderler Carr appeals the sentence imposed following her guilty-plea conviction for one count of aiding in the preparation of a false tax return in violation of 26 U.S.C. § 7206(2), and one count of filing a false tax return in violation of § 7206(1). She contends that the 72-month, above-guidelines sentence is procedurally unreasonable because the district court failed to adequately explain its reasons for the sentence. Specifically, Carr

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the district court failed to consider or address her nonfrivolous arguments for a below-guidelines sentence, "focusing its explanation entirely on the negative side of the punishment ledger."

Because Carr did not object to the adequacy of the district court's reasons, her procedural unreasonableness claim is subject to plain-error review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To show plain error, Carr must show a forfeited error that is clear or obvious and that affects her substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The sentencing record reflects that the district court sufficiently explained its reasons for imposing the above-guidelines sentence. The district court explicitly stated that it had considered the 18 U.S.C. § 3553(a) factors and gave reasons tied to those factors. Although the district court did not expressly address Carr's mitigation arguments, the court acknowledged that it had reviewed her sentencing memorandum and request for a downward variance. Because the district court's explanation for the chosen sentence allows for effective appellate review, Carr has failed to show error, much less clear or obvious error. *See United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013). Accordingly, the district court's judgment is AFFIRMED.